IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

ERIC M. MUTH,

        Plaintiff,

  v.

GARY KIEFER, Plant Manager, *et al.*,

        Defendants

Civil Action No.
5:19-CV-0413 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

ERIC M. MUTH, *Pro Se*
7667 Centerport Rd.
Auburn, NY 13021

FOR DEFENDANT:

NONE

OF COUNSEL:

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

This is an action brought by *pro se* plaintiff Eric M. Muth against two former supervisors, a property manager, an individual employed by the Cayuga County Clerk's Office, a legal aid attorney, and a security guard

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. § 1983, and 18 U.S.C. § 1702. The genesis of plaintiff's complaint is the termination of his employment nearly nine years ago and his subsequent attempts to seek redress from administrative agencies and the state courts for that termination.

Plaintiff's complaint, application for leave to proceed *in forma pauperis* ("IFP"), and motion for the appointment of counsel have been forwarded to me for review. Based upon my consideration of those materials, I grant plaintiff's application for leave to proceed without prepayment of fees, deny his request for the appointment of counsel, and recommend that his complaint be dismissed.

I. BACKGROUND

Plaintiff commenced this action on or about April 5, 2019 by the filing of a complaint, which was accompanied by motions for the appointment of counsel and for leave to proceed without prepayment of fees. Dkt. Nos.1-3. In his complaint, which was drafted on a form intended for use in filing civil rights actions pursuant to 42 U.S.C. § 1983, plaintiff alleges that his employment from Auburn Metal Processing, Inc. was terminated on September 10, 2007, by defendant Gary Kiefer, whose position is listed as plant manager, purportedly due to plaintiff's repeated violations of the

company's attendance policy. Dkt. No. 1 at 2; *see also* Dkt. No. 1-1 at 5-7. Although plaintiff was apparently re-hired to work at that facility, his employment was again terminated on August 31, 2010 by defendant Kiefer and defendant Herb Casey, a supervisor, due to plaintiff's repeated absenteeism. Dkt. No. 1 at 6; Dkt. No. 1-1 a 7-10.

More than four years after his termination, on October 16, 2014, plaintiff filed a complaint regarding the matter with the New York State Division of Human Rights ("NYSDHR"). Dkt. No. 1 at 6; *see also* Dkt. No. 1-1 at 12-14. By letter dated October 20, 2014, however, plaintiff was notified that that agency lacked jurisdiction over his untimely complaint, but that he "maintain[ed] all rights to bring a suit in any court of appropriate jurisdiction." Dkt. No. 1-1 at 12-14 (citing N.Y. Exec. Law § 297(9); *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 307 (1983)).

Nearly three years later, in July of 2017, plaintiff attempted to commence a special proceeding against defendant Kiefer, defendant Casey, and Auburn Metal Processing, Inc. in New York State Supreme Court, Cayuga County. Dkt. No. 1-1 at 1-11. According to plaintiff, however, several defendants interfered with his efforts, including (1) defendant Anne S. Ashby, his landlord, whom he accuses of deleting his phone messages; (2) defendant Kelly J. Wejko, an individual who appears

3

to have been an employee of the Cayuga County Clerk's Office, and who failed to file his verified petition; (3) defendant Trista F. O'Hara, an attorney, who failed to appear for their meeting and failed to provide plaintiff with the paperwork necessary to proceed as an indigent party; and (4) defendant Louis Delfavero, a guard, who prohibited plaintiff from entering the Cayuga County Office Building. *See generally* Dkt. No. 1.

Plaintiff seeks reinstatement to his previous position with back pay and other compensatory damages, as well as various forms of injunctive relief against each of the defendants. Dkt. No. 1 at 11.

II. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $350.00, must ordinarily be paid. 28 U.S.C. § 1914(a).[1] A court is authorized, however, to permit a litigant to proceed IFP if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2] Because I conclude that plaintiff satisfies the

---

[1] The total cost for filing a civil action in this court is $ 400.00 (consisting of the civil filing fee of $350.00, 28 U.S.C. § 1914(a), and an administrative fee of $ 50.00).

[2] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can

4

requirements to qualify for IFP status, his application for leave to proceed without payment of the requisite filing fee is granted.[3] Dkt. No. 2.

> B. Sufficiency of Plaintiff's Complaint

>> 1. Governing Legal Standard

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an

---

meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]   Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurs in this action, including copying and/or witness fees.

opportunity to address the sufficiency of plaintiff's allegations. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under sections 1915(e), the court is guided by the Federal Rules of Civil Procedure. Specifically, Rule 8

provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (emphasis omitted) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977)) (internal quotation marks omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

      2.   <u>Analysis of Plaintiff's Claims</u>

         a.   <u>Title VII</u>

Plaintiff's claims against defendants Kiefer and Casey are asserted pursuant to Title VII, and arise out of plaintiff's initial employment termination on September 10, 2007 and second discharge on August 31, 2010. Dkt. No. 1 at 3, 6, 9. It is well-established, however, that "individuals are not subject to liability under Title VII." *Sassaman v. Gamache*, 566 F.3d 307, 315 (2d Cir. 2009) (quoting *Patterson v. Cty. Of Oneida*, 375 F.3d 206, 211 (2d. Cir. 2004) (internal quotation marks omitted). Moreover, Title VII requires that a plaintiff receive a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") showing that he exhausted his administrative remedies prior to commencement of an action under that provision. 42 U.S.C. § 2000e-5(f)(1); *see also Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 168 (2d Cir. 1998) ("Title VII plaintiffs must receive a 'right-to-sue' letter from the EEOC before filing suit

in court."). Plaintiff has not attached an EEOC right-to-sue letter to his complaint, nor has he alleged in his complaint that this threshold requirement has been satisfied. Accordingly, I recommend that plaintiff's Title VII claims be dismissed.

b. 42 U.S.C. § 1983

Section 1983 "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990); *see* 42 U.S.C. § 1983. It " 'is not itself a source of substantive rights[,] . . . but merely provides 'a method for vindicating federal rights elsewhere conferred[.]' " *Patterson*, 375 F.3d at 225 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order to state a claim pursuant to section 1983, a plaintiff must allege "(1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

"State action is an essential element of any section 1983 claim." *Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, at *2

(N.D.N.Y. Dec. 6, 1995) (Pooler, J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, J.)). To survive scrutiny under section 1915(e) where a plaintiff has asserted a section 1983 claim, the complaint must allege facts that plausibly suggest state action on the part of the named defendants. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."); *see also Wilson v. King*, No. 08-CV-0509, 2008 WL 2096593, at *1 (N.D.N.Y. May 16, 2008) (Sharpe, J.).

In this case, plaintiff alleges that defendants Ashby and O'Hara obstructed his First and Seventh Amendment rights of the U.S. Constitution, and defendant Casey violated his Eighth Amendment rights. *See generally* Dkt. No. 1. However, plaintiff has failed to allege any facts that could plausibly suggest state action on the part of those defendants. Defendant O'Hara, a legal aid attorney, is not a state actor who is amendable to suit under section 1983. *See Caroselli v. Curci*, 371 F. App'x 199, 201 (2d Cir. 2010) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999); *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 187 (2d Cir. 2005)). Likewise, defendant Ashby, a property manager or

landlord, and defendant Casey, a supervisor, appear to be purely private actors.[4] *Cranley v. Nat'l Life Ins. Co. of Vt.*, 318 F.3d 105, 111 (2d Cir. 2003) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " (internal quotation marks omitted)). In the absence of any allegation which would plausibly suggest state action on the part of defendants O'Hara, Ashby, or Casey, I recommend that plaintiff's 42 U.S.C. § 1983 claims against them be dismissed.

c. <u>18 U.S.C. § 1702</u>

Inexplicably, plaintiff brings claims against defendants O'Hara, Delfavero, and Wejko for violating 18 U.S.C. § 1702. *See generally* Dkt. No. 1. That criminal statute, *inter alia*, prohibits the taking of "any letter . . . out of any . . . authorized depository for mail matter, . . . before it has been delivered to the person to whom it was directed, with design to obstruct

---

[4] Even if the allegations in plaintiff's complaint can be construed to plausibly suggest that defendant Casey is, in fact, a state actor, plaintiff's allegations would fare no better. Simply put, the loss of employment under the circumstances described by plaintiff does not, in any manner, involve cruel and unusual punishment within the meaning of the Eighth Amendment to the U.S. Constitution. *See Edmundson v. City of Atlanta*, 1:16-CV-04639, 2017 WL 4456892, at *5 (N.D. Ga. June 21, 2017) (quoting *Bostic v. McClendon*, 650 F. Supp. 245, 252 (N.D. Ga. 1986)).

the correspondence[.]" 18 U.S.C. § 1702. No explanation is offered as to the factual basis for that claim.

There is no statutory basis for inferring that a civil cause of action of some sort lays in favor of someone under 18 U.S.C. § 1702. *See Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) (observing that the Supreme Court "has rarely implied a private right of action under a criminal statute, and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.' "). Accordingly, I recommend that plaintiff's claim pursuant to 18 U.S.C. § 1702 be dismissed.

### d. Defendant Wejko

In addition to alleging that defendant Wejko violated 18 U.S.C. § 1702, plaintiff appears to allege that she interfered with his right to access the courts, a claim that requires some additional discussion. *See generally* Dkt. No. 1. "A plaintiff's 'constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress.' " *Friedman v. Bloomberg L.P.*, 884 F.3d 83, 90 (2d Cir. 2017) (quoting *City of N.Y. v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397 (2d Cir. 2008)); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (202). In order to state a claim for the violation of the constitutional right of access

to court, a plaintiff must allege facts plausibly suggesting: "(1) a 'nonfrivolous, arguable underlying claim' that has been frustrated by the defendants' actions, and (2) a continued inability to obtain the relief sought by the underlying claim." *Arar v. Ashcroft*, 585 F.3d 559, 592 (2d Cir. 2009) (quoting *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002)). Accordingly, the plaintiff must set forth sufficient facts in the complaint to suggest that success on the underlying claim is founded on more than mere "hope." *Christopher*, 536 U.S. at 415. In addition, a plaintiff must point to deliberate and malicious acts by a defendant that frustrated his efforts to commence or prosecute that claim. *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003).

In this case, the only factual allegations with respect to defendant Wejko are that she "was supposed to . . . file[]" plaintiff's petition, but that "she did not show up[]" on the day it was to be filed at the clerk's office. Dkt. No. 1 at 6; *see also* Dkt. No. 1-1 at 4. In addition to failing since these allegations do not plausibly suggest that defendant Wejko acted deliberately and maliciously in frustrating plaintiff's efforts to commence or prosecute an underlying claim, plaintiff's right of access claim otherwise fails because it is clear that plaintiff did not possess a nonfrivolous, arguable underlying claim. When plaintiff was attempting to file a petition

in state court in July of 2017, he was seeking to redress the termination of his employment from nearly seven years prior. Plaintiff was, therefore, attempting to commence an action well after the expiration of the applicable statute of limitations period.[5] *Murphy v. Am. Home Prods. Corp.*, 58 N.Y.2d 293, 307 (1983).

Accordingly, I recommend that any claim against defendant Wejko be dismissed.[6]

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also*

---

[5] To the extent that plaintiff appears to believe that the three-year statute of limitations period began to run from the date he received the decision from the NYSDHR, *see* Dkt. No. 1-1 at 12-14, the court notes that any claims accrued on August 31, 2010, which is the date plaintiff's employment was terminated by his former employer. Although the statute of limitations period would have been tolled while any complaint was filed with the NYSDHR, this tolling would not have saved plaintiff's claims in July of 2017. *See Morese v. JetBlue Airways Corp.*, 941 F. Supp. 2d 274, 291 (E.D.N.Y. Mar. 31, 2013).

[6] The court notes that defendant Wejko, who was appears to have been employed by the clerk's office, would likely be protected by judicial immunity, which is extended to court clerks for the performance of tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also Kampfer v. Rodriguez*, No. 97-CV-739, 1998 WL 187364, at *2 (N.D.N.Y. Apr. 15, 1998) (Pooler, J.).

14

Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could not "determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this instance, the deficiencies identified in this report are substantive in nature and extend beyond the mere sufficiency of plaintiff's complaint. Accordingly, because I find that any amendment that might be

offered by plaintiff would be futile, I recommend against granting leave to amend.

### D. Plaintiff's Motion for Appointment of Counsel

As was previously noted, accompanying plaintiff's complaint in this action is a request for the assignment of counsel to represent him in this action *pro bono*. Dkt. No. 3. Even if the court were not recommending dismissal of plaintiff's complaint with prejudice, a more fully developed record would be necessary before a meaningful assessment could be made as to whether counsel should be appointed. *See Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (instructing that courts must look to the likelihood of merit of the underlying dispute in determining whether to appoint counsel). Therefore, plaintiff's motion for appointment of counsel is denied without prejudice. Should the assigned district judge reject my recommendation and allow one or both of plaintiff's claims to proceed, plaintiff will be permitted to make a subsequent motion for appointment of counsel.

## III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's request for leave to proceed without prepayment of fees, I find that it is complete and demonstrates his entitlement to that status. Turning to the merits of plaintiff's complaint,

however, and applying the standard set forth in 28 U.S.C. § 1915(e). I conclude that plaintiff's complaint fails to state a cognizable claim against any of defendants. For this reason, I recommend that plaintiff's complaint be dismissed without leave to release, and will deny his motion for the appointment of counsel. Accordingly, it is hereby

ORDERED that plaintiff's application for leave to proceed in this action without prepayment of fees (Dkt. No. 2) is GRANTED; and it is further

ORDERED that plaintiff's motion for appointment of counsel in the action (Dkt. No. 3) is DENIED; and it is further respectfully

RECOMMENDED that plaintiff's complaint in this action (Dkt. No. 1) be DISMISSED.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[7] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE

---

[7] If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Date: April 15, 2019
      Syracuse, New York