**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ERIC M. MUTH,**

                   **Plaintiff,**

    v.                                                              5:19-CV-413
                                                                        (TJM/DEP)

**GARY KIEFER, Plant Manager, et al.,**

                   **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

      Plaintiff filed this action, brought Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1983, and 18 U.S.C. § 1702, *pro se*. He alleges that Defendants violated his rights by firing him in 2010 and by the way they handled his subsequent legal complaints about that termination. The Court referred the action to the Hon. David E. Peebles, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

      The Report-Recommendation, dated April 15, 2019, recommends that the Court dismiss the action for failing to state a claim upon which relief can be granted. See dkt. # 18. Magistrate Judge Peebles finds that Plaintiff cannot bring a claim pursuant to Title VII against the individual Defendants. He also finds that Plaintiff failed to meet the statutory requirement that he file a complaint with the Equal Employment Opportunity Commission

1

("EEOC") prior to bringing suit in federal court. On that basis, he recommends that Plaintiff's Title VII claim be dismissed. Magistrate Judge Peebles also finds that Plaintiff has not alleged state action sufficient to raise Section 1983 claims against most of the defendants named. The one Defendant who could be seen as a state actor, Kelly J. Wejko, an employee in the Cayuga County, New York Clerk's Office, could not be liable for denying Plaintiff access to the courts, Judge Peebles finds, because Plaintiff's underlying claim had no hope of success. Judge Peebles also concludes that Plaintiff could not succeed on his claim brought pursuant to 18 U.S.C. § 1702. That criminal statute punishes interference with the mail and contains no private civil right of action.

Plaintiff filed objections to the Report-Recommendation. When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Plaintiff contends that he exhausted his administrative remedies and provides the Court with a right-to-sue letter from the EEOC. See dkt. # 7. That document, dated September 6, 2011, provides that "the EEOC adopted the findings of the state or local fair employment practices agency that investigated this charge." Id. The EEOC charge also warns Plaintiff that "[y]our lawsuit must be filed within 90 days of your receipt of notice or your right to sue based on this charge will be lost." Id. # 7. Plaintiff's Complaint contained an October 20, 2014 finding from the New York State Division of Human Rights

2

which concluded that Plaintiff's complaint to that Agency regarding his firings was untimely. See dkt. # 1-1. The agency dismissed the case. Id.

The document provided from the EEOC is not consistent with Magistrate Judge Peeble's findings because Plaintiff did not provide Judge Peebles with that document. The EEOC document also implies that Plaintiff filed a state charge before 2014, and that the Division of Human Rights dismissed that claim as well. In any case, as is clear from the EEOC right-to-sue letter, Plaintiff was aware as early as September 2011 that he needed to file a Complaint based on the employment discrimination he allegedly faced, and did not do so within 90 days. The instant Complaint appeared more than eight years later. Magistrate Judge Peebles correctly found that Plaintiff's Title VII claim should be dismissed. Plaintiff has not filed a timely Title VII claim. The fact that he at one point received a right-to-sue letter does not change that fact. See McPherson v. N.Y. City Dep't of Educ., 457 F.3d 211, 213-214 (2d Cir. 2006) (before filing a Title VII claim in federal court, a Plaintiff must file a "timely administrative [charge] with the EEOC" and then file the complaint within 90 days of receiving a right-to-sue letter).

After having reviewed the record *de novo* and having considered the other issues raised in the Petitioner's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Peebles for the reasons stated in the Report-Recommendation.

It is therefore **ORDERED** that Petitioner's objections to the Report-Recommendation of Magistrate Judge Peebles, dkt. # 7, are hereby OVERRULED. The Report-Recommendation, dkt. # 6, is hereby ACCEPTED and ADOPTED. Plaintiff's

Complaint, dkt. # 1, is hereby DISMISSED.

**IT IS SO ORDERED.**

Dated: May 13, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge